UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

DAWN T. WALLACE,

        Appellant,

  -against-

HAROLD GURETZKY,

        Appellee.

----------------------------------------X

CV-09-0071(SJF)

**OPINION & ORDER**

FEUERSTEIN, J.

On January 8, 2009, appellant Dawn T. Wallace ("Wallace") filed a notice of appeal from so much of an order of the United States Bankruptcy Court for the Eastern District of New York (Trust, U.S.B.J.), dated October 27, 2008, as *sua sponte* determined to partially abstain from hearing the adversary proceeding entitled Guretzky v. Wallace, Adv. Pro. No. 08-8048-ast pursuant to 28 U.S.C. § 1334(c)(1). For the reasons set forth below, the order of the bankruptcy court is affirmed.

I.    BACKGROUND

On or about November 5, 2004, Wallace filed a criminal complaint against the appellee Harold D. Guretzky ("Guretzky"), resulting in his arrest by the New York City Police Department for criminal mischief in the fourth degree in violation of New York Penal Law § 145.00. (Complaint in the Adversary Proceeding [Compl.], ¶ 7, 10). Guretzky alleges that Wallace's criminal complaint was false and that she "maliciously and intentionally" made the

1

false complaint "with the intention of causing [Guretzky] to be arrested." (Compl., ¶¶ 7, 9, 13). Thereafter, Guretzky commenced a civil action against Wallace in the New York State Supreme Court, Queens County, entitled Guretzky v. Wallace, index no. 23514/2005, seeking damages for false arrest ("the false arrest case"). (Compl., ¶ 12).

On December 18, 2007, Wallace filed a voluntary chapter 7 petition in the United States Bankruptcy Court for the Eastern District of New York ("the bankruptcy court"), which was assigned case number 8-07-75231 (CEC) ("the bankruptcy proceeding"). (Compl., ¶ 5). The parties do not dispute that the bankruptcy proceeding was filed as a "no asset" case. As a result of the commencement of the bankruptcy proceeding, the trial in the false arrest case, which had been scheduled to commence on March 27, 2008, was stayed. (Compl., ¶ 6).

On or about March 10, 2008, Guretzky commenced an adversary proceeding in the bankruptcy court, entitled Guretzky v. Wallace, Adv. No. 08-8048-ast, seeking to deny Wallace a discharge of her alleged debt to Guretzky resulting from the false arrest pursuant to 11 U.S.C. § 523(a)(6) ("the adversary proceeding").[1] By order dated October 27, 2008, the bankruptcy court, *inter alia, sua sponte* determined to partially abstain from the adversary proceeding pending resolution of the false arrest case in state court. Guretzky v. Wallace, Ch. 7 Case No. 8-07-75231 (CEC), Adv. No. 08-8048-ast (E.D.N.Y. Oct. 27, 2008) ("Order"). The bankruptcy court retained jurisdiction, in the event Guretzky prevails in the false arrest case, to determine "whether the findings of the trier of fact and conclusions of the state court give rise to a nondischargeable debt" pursuant to Section 523(a)(6). (Order, p. 13).

---

[1] On March 26, 2008, the bankruptcy court entered an order discharging Wallace. However, the bankruptcy proceeding remains open pending resolution of the adversary proceeding.

2

On January 8, 2009, Wallace filed a notice of appeal to this Court of the bankruptcy court's order.

II. ANALYSIS

A. Relevant Law

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that "[o]n an appeal the district court * * * may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."

Section 523(a)(6) of the Bankruptcy Code provides, in relevant part, that an individual debtor is not discharged from any debt "for willful and malicious injury by the debtor to another entity * * *." 11 U.S.C. § 523(a)(6). Section 523(c)(1) of the Bankruptcy Code provides that, with exceptions not relevant here, "the debtor shall be discharged from a debt of a kind specified in paragraph * * * (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph * * * (6) * * * of subsection (a) of this section." The parties do not dispute that this adversary proceeding involving an objection to discharge is a "core" proceeding, i.e., it either arises under Title 11 or arises in a case under Title 11. See 28 U.S.C. § 157(b)(2)(J).

Pursuant to 28 U.S.C. § 1334(c)(1), a bankruptcy court may "in the interest of justice, or in the interest of comity with State courts or respect for State law, * * * abstain[] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." In determining whether to abstain under Section 1334(c)(1), the bankruptcy court should balance

3

the following factors: "(1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court * * *; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties." Langston Law Firm v. Mississippi, ___ B.R. ___, 2008 WL 4922013, at * 5 (S.D.N.Y. No. 17, 2008) (quoting In re WorldCom, Inc. Securities Litigation, 293 B.R. 308, 332 (S.D.N.Y. 2003)). However, the court is not required to consider all twelve (12) factors. Id.; In re Cody, Inc., 281 B.R. 182, 190 (S.D.N.Y. 2002) appeal dismissed in part by 338 F.3d 89 (2d Cir. 2003).

The standard of review of a bankruptcy court order involving permissive abstention pursuant to Section 1334(c)(1) is whether the bankruptcy court abused its discretion. See In re Bay Point Associates, No. 07-cv-1492, 2008 WL 822122, at * 3 (E.D.N.Y. Mar. 19, 2008); Argentinian Recovery Co. LLC v. Board of Directors of Multicanal S.A., 331 B.R. 537, 543 (S.D.N.Y. 2005). A bankruptcy court's decision to abstain is an abuse of discretion, pursuant to Section 1334(c)(1), if it was based on an "erroneous view of the law" or "clearly erroneous factual findings." Bay Point, 2008 WL 822122, at * 3 (quoting McCord v. Agard (In re Bean),

4

251 B.R. 196, 201 (E.D.N.Y. 2000)).

B.   Application of Law

Wallace contends, *inter alia*, that the balance of the twelve (12) relevant factors weighs against permissive abstention in the adversary proceeding, particularly since the adversary proceeding does not involve any unsettled or difficult questions of state law.

The bankruptcy court did not abuse its discretion in abstaining pursuant to 28 U.S.C. § 1334(c)(1). In determining to abstain, the bankruptcy court found, *inter alia*: (1) that with the exception of the determination of nondischargeability under Section 523 (a)(6), all of the legal issues in the adversary proceeding are matters of New York State substantive law; (2) that the outcome of the adversary proceeding will have no impact on creditors of the bankruptcy estate; (3) that "the purposes and policies of the Bankruptcy Code and Rules are better served by abstention in part," (Order, p. 8); and (4) that there is "potential for duplication of court proceedings and the attendant costs to the parties" because even if Guretzky prevailed in the adversary proceeding, the parties would still need to return to state court "to liquidate the amount of the alleged debt" owed by Wallace to Guretzky, (Order, p. 12). Since, *inter alia*, state law issues predominate in the adversary proceeding; the administration of the estate would not be negatively affected by abstention since the proceeding involves a "no asset" estate; the state court action is trial ready; Guretzky is entitled to a jury trial on his state law claims; and there is no other jurisdictional basis for the adversary proceeding other than Section 1334(b), the bankruptcy court's decision to partially abstain in the adversary proceeding pending the outcome of the false arrest case was a proper exercise of discretion. Moreover, judicial economy is better served by

the bankruptcy court's decision to abstain, since allowing parallel proceedings on issues which are admittedly "nearly identical" to proceed would require two (2) separate trials with the same witnesses; whereas by abstaining in the bankruptcy court, the issues can be tried in the state court, following which the bankruptcy court can use those state court proceedings to rule on the nondischargeability issue short of trial.

III. CONCLUSION

For the reasons set forth herein, the bankruptcy court's order dated October 27, 2008 is affirmed. The clerk of the Court is directed to close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 29, 2009
Central Islip, New York

Copies to:

Phillips, Weiner, Quinn & Artura
165 S. Wellwood Avenue
P.O. Box 405
Lindenhurst, New York 11757
Attn: Richard F. Artura, Esq.


Rothstein Law PLLC
11 Park Place, Suite 1801
New York, New York 10007
Attn: Eric Edward Rothstein, Esq.